143 So.2d 629

**Lasco MITCHELL**

v.

**Dan T. McCALL et al., Members of Board of School Commissioners of Mobile County, et al.**

**I Div. 884.**

Supreme Court of Alabama.

July 26, 1962.

Pillans, Reams, Tappan, Wood & Roberts and Fred W. Killion, Jr., Mobile, for appellees.

Jos. M. Powers, Mobile, for appellant.

LIVINGSTON, Chief Justice.

The appellant, petitioner below, commenced this action by a petition seeking an alternative writ of mandamus from the Circuit Court of Mobile County, directed to Mobile County School Board, the Superintendent of Education, and the Principal of Vigor High School, in the City of Prichard, Alabama, ordering them to readmit the minor child, Eulene, of the petitioner, one Lasco Mitchell, to Vigor High School, a public school in the City of Prichard, Mobile County, State of Alabama, or to appear before the Circuit Court of Mobile County to show cause why they should not so readmit said minor.

Respondents filed an answer to the petition.

The court denied the petition for writ of mandamus, and it is from this order that this appeal is taken.

Appellant's daughter, Eulene, was suspended from Vigor High School, a public school in Mobile County, for refusing to participate in the physical education program lawfully prescribed for that school. This refusal was originally based upon the three objections which follow:

A. A refusal to wear the costume prescribed for the students while participating in the course on the ground that said costume is immodest and sinful according to the religious beliefs of the appellant.

B. A refusal to perform certain physical exercises on the same grounds as listed above.

C. A further refusal to attend the physical education course because such attendance would require appellant's daughter to be in the presence of the other girls and the instructress who wore the prescribed costume and performed all the exercises.

The school authorities offered to allow appellant's daughter to wear clothing which appellant would consider modest and suitable, and further agreed that she would not have to perform any exercises that seemed to her or her parents immodest for a girl to perform when clad in ordinary feminine clothing.

The court below incorporated these concessions in its decree and ordered the school authorities to readmit the girl on the further condition that she would attend the physical education course and participate therein subject to the concessions. Since these concessions were made by the school board and adopted by the lower court, and since no complaint is made of them here, this Court is not concerned with the concessions and expresses no opinion on their legality or illegality.

Appellant appeals from the decree of the lower court on the theory that the requirement that his daughter attend and participate in the course in the presence of the other girls and the instructress violates her freedom of religious belief secured to her by Art. 1, Sec. 3 of the Constitution of Alabama 1901, and the First and Fourteenth Amendments of the Constitution of the United States.

■ Appellant vigorously argues what he describes as his constitutional right to have his children educated in the public schools of the state. In this connection, it should be observed that the State of Alabama is under no constitutional obligation to provide public schools. Sec. 256 of the Alabama Constitution of 1901, as amended.

Clearly, appellant's daughter does have a right to make use of such facilities if they are in fact provided by the state. However, appellant's daughter is free to refrain from attending the public schools since Alabama does not require public school attendance. Act No. 367, Reg.Sess.1957, p. 482, amending Act No. 201 of the Acts of Alabama, Reg.Sess.1955, and which became law on Aug. 26, 1957, pursuant to Sec. 125 of the Constitution. Her attendance in a public school is therefore voluntary. See also Act No. 117, Special Session of the Legislature 1956, p. 446.

Sec. 555 of Title 52, Code of Alabama 1940, provides as follows:

"Every public school and private or parochial school shall carry out a system of physical education, the character of which shall conform to the program or course outlined by the department of education."

■ The action of the appellees, of which appellant complains, was taken pursuant to the authority delegated to the department of education by this statute. Thus, the program of education prescribed under this delegated authority is legislative in nature and has the coercive effect of law.

Appellant maintains that this legislation, as applied to his daughter, violates Art. 1, Sec. 3 of the Constitution of Alabama 1901.

In Desribes v. Wilmer, 69 Ala. 25, at page 26, Justice Stone stated the following:

" * * * All religions, save such as shock the public morals, *or offend our statutes,* are alike tolerated and protected by the broad philanthropy of our republican policy. * * * We disturb no man's faith, unless it is manifest in acts which violate municipal regulation. We deal with the physical and secular, and not with the mere moral which is not uttered in voice or act, *offensive to our legislative policy.* * * *" (Emphasis supplied.)

The legislation involved in the case at bar is unquestionably reasonable, and it touches only matters which are the legitimate concern and responsibility of the state and its agencies.

This is not the first instance of exacting obedience to general laws that have offended deep religious scruples. Compulsory vaccination, see Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643, 3 Ann.Cas. 765; food inspection regulations, see Shapiro v. Lyle (D.C.) 30 F.2d 971; the obligation to bear arms, see Hamilton v. Regents of University of California, 293 U.S. 245, 267, 55 S.Ct. 197, 79 L.Ed. 343, 355; testimonial duties, see Stansbury v. Marks, 2 Dall. 213, 1 L.Ed. 353; compulsory medical treatment, see People v. Vogelgesang, 221 N.Y. 290, 116 N.E. 977—these are but illustrations of conduct that has often been compelled in the enforcement of legislation of general applicability even though the religious consciences of particular individuals rebelled at the exaction.

Every precaution has been taken to insure that the course is conducted in a manner consistent with modesty and good taste. The classes which Eulene Mitchell, appellant's daughter, is required to attend are composed entirely of girls and the teacher is also a female. When the class is conducted in the gymnasium, the girls are completely excluded from male eyes, and when conducted outdoors, there is a school building between the girls and the boys. In spite of these facts, reasonable concession has been made to appellant's religious beliefs, and this Court therefore holds that the legislative policy overrides appellant's objections, and Art. 1, Sec. 3 of the Constitution of Alabama 1901 has not been violated.

■ It is the opinion of this Court that appellant's rights under the First and Fourteenth Amendments of the United States Constitution have not been infringed. In Hamilton v. Regents of University of California, 293 U.S. 245, 55 S.Ct. 197, 79 L.Ed. 343, supra, the Supreme Court of the United States unanimously held that a student attending a state-maintained university cannot refuse to attend required courses in military training on the ground that such courses offend his religious beliefs. Later, the Supreme Court of the United States held that the First and Fourteenth Amendments were violated by a West Virginia Statute which required all public school pupils to salute the flag of the United States and recite a pledge of allegiance. This requirement was held to violate the freedom of pupils who considered such conduct to be contrary to their religious beliefs. West Virginia State Board of Education v.

Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628. However, the Hamilton case, supra, was specifically distinguished on the basis that attendance at the state institution in question in that case was voluntary, and therefore a pupil could not refuse to comply with the reasonable conditions lawfully required and still demand admission. The Hamilton decision is therefore authority for the proposition that the State of Alabama can place reasonable, nondiscriminatory conditions on the privilege of attending public schools since such attendance is voluntary.

Moreover, even if this is not the case, West Virginia State Bd. of Education v. Barnette, supra, is clearly distinguishable on its facts. The statute involved in that case, as construed by the court, was invalid because it called for a compulsory statement of belief. There is nothing analogous to that in the case at bar. Indeed, the Barnette case, supra, would only be analogous if the complaining pupils in that case had further alleged that it was unconstitutional to require them to be present when other students professed their allegiance. The Alabama Constitution and the United States Constitution do not require such a result. Indeed, a decision supporting such an allegation would place an intolerable burden on the state and federal governments in the discharge of their responsibilities to the people of the state and the nation. Such a decision would give every citizen the power to nullify all state and federal legislation by simply asserting in a court of law that the behavior required is contrary to his religious beliefs. A power of nullification of such extreme scope would undermine the very foundation of our "democratic" institutions and undercut the very concept of ordered liberty protected by our state and federal constitutions.

Every reasonable concession has been made to the appellant in this case. This Court cannot go further and hold that appellant's religious belief that his daughter should not be placed in the presence of others whose dress and behavior is contrary to his scruples imposes upon the school the legal obligation to conduct a separate class in conformity with appellant's belief.

Appellant further complains that unless the school is required to conduct a separate class composed of those who share his and his daughter's belief that she will be made to appear a "speckled bird," and will be subject to the contumely of her fellow students.

All citizens in so far as they hold views different from the majority of their fellows are subject to such inconveniences. And this is especially true of those who hold religious or moral beliefs which are looked upon with disdain by the majority. It is precisely every citizen's right to be a "speckled bird" that our constitutions, state and federal, seek to insure. And solace for the embarrassment that is attendant upon holding such beliefs must be found by the individual citizen in his own moral courage and strength of conviction, and not in a court of law.

■ Our conclusion is, that in the posture of this case, the appellant's daughter is not required to participate in the exercises which would be immodest in ordinary apparel, nor is she required to wear the prescribed outfit. However, subject to these concessions previously made, she is obligated to attend the course in physical education. Authorities, supra. See also McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

The decision of the lower court is affirmed.

Affirmed.

LAWSON, Justice (concurring specially).

All other questions aside, I concur in the result on the theory that the requirement of which appellant complains is reasonable, and in my opinion does not violate either the First or Fourteenth Amendment to the Constitution of the United States. The

school has not required appellant's daughter to recognize any form of religious belief. Physical education programs have long been conducted throughout the public educational systems of this country and should not be abandoned because an individual or a group of individuals takes offense at the manner in which the program is conducted although it is in accord with the current community standards of morality and decency.

GOODWYN, J., concurs in the result for the reasons stated by LAWSON, J.

COLEMAN, J., concurs in the result.